IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DAVID WARSON,
    Plaintiff,

v.                                               Case No. 3:09cv435/MCR/MD

FORT WALTON BEACH
MEDICAL CENTER, INC,
    Defendant.
_____

# ORDER
## and
## REPORT AND RECOMMENDATION

This Family Medical Leave Act of 1993 (FMLA), 29 U.S.C. § 2615 action was removed from the Circuit Court of Okaloosa County, Florida on September 29, 2009 based on original jurisdiction. In his complaint, plaintiff alleges that the defendant hospital/employer violated his rights under the FMLA.

Counsel filed their Report of Rule 26(f) planning meeting (doc. 10) and a final scheduling order was entered setting a discovery deadline of March 26, 2010. On January 25, 2010 defendant filed a motion to compel discovery asserting, among other things, that plaintiff had failed to make his Rule 26 initial disclosures, answer interrogatories, or provide responses to requests to produce documents (doc. 18). The undersigned ordered plaintiff to respond to the motion no later then January 29, 2010 and further ordered counsel to meet and attempt to resolve their differences (doc. 19). Plaintiff did not respond as ordered, and on February 2, 2010 the undersigned entered an Order to Show Cause (doc. 20). Plaintiff did not respond directly. Instead, counsel jointly informed the court that they had met and that counsel for plaintiff had not received relevant information or documents from the

plaintiff, and could not produce anything other than some signed HIPPA forms authorizing four health care providers to provide copies, but not to defendant's counsel (doc. 21). Counsel also jointly informed the court that it was unknown when - if ever - plaintiff would provide discovery (*id*).

The undersigned therefore entered an order granting the motion to compel (which included a request for attorney fees) in its entirety and ordered plaintiff to respond fully no later then February 19, 2010. The court further ordered that if plaintiff did not comply, the undersigned would recommend that the case be dismissed (doc. 22). On February 24, 2010 defendant reported that nothing had been received from plaintiff (doc. 25). Defendant also filed its affidavit for attorney fees. Plaintiff has filed nothing as of the date of this order and report and recommendation.

Accordingly, it is ORDERED that within ten (10) days plaintiff shall pay to defendant, Fort Walton Beach Hospital, the amount of $813.00 for its fees incurred in filing the motion to compel. If plaintiff objects to the amount, he should file his objection and supporting documentation within five (5) days of the date of this order.

It is also RECOMMENDED that this action be dismissed with prejudice for plaintiff's failure to respond to orders of the court.

DONE AND ORDERED at Pensacola, Florida this 1st day of March, 2010.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636;** *United States v. Roberts,* **858 F.2d 698, 701 (11th Cir. 1988).**